O. J. ONTJES, *Appellee*, v. MYRLE RHODENBAUGH et al., *Appellants*.

No. 18,134.

SYLLABUS BY THE COURT.

ACTION—*Promissory Note—Proper Cross-demand and Set-off Denied—Error.* Under the facts of this case, the appellants were entitled to set up as a cross-demand or set-off damages for the wrongful taking and injury of the horse in question.

Appeal from Ellsworth district court. Opinion filed May 10, 1913. Reversed.

*Ira E. Lloyd,* and *N. F. Nourse,* both of Ellsworth, for the appellants.

*Samuel E. Bartlett,* of Ellsworth, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action originated in a justice court in Ellsworth county, was appealed to the district court of that county, and from the judgment in that court this appeal is taken. The action is based upon a promissory note, executed April 23, 1908, and due September 1, 1909. It was executed by the appellants in this case to Sam Ontjes or order. The note was indorsed. "Sam Ontjes." The bill of particulars contained a copy of the note and indorsement and a prayer for judgment in the sum of $100, with interest at ten per cent from April 23, 1908, and costs.

In the district court, the appellants filed an amended bill of particulars, or answer, in which they alleged that the note sued on was given in part payment for the relinquishment by Sam Ontjes of his homestead right to a tract of land, and for the remainder of the consideration the appellants were to sell and deliver to Sam Ontjes five head of horses and some hogs; that by agreement the horses were to remain on appellant's' premises for a week or two; that in the absence of the appellants from their home, Ontjes thereafter came thereto and took away four of the five horses included in the transaction, and left a small pony which was also included and took away a much larger and more valuable horse; that he was followed by one of the appellants and found in the possession of the horse wrongfully taken, admitted that he knew it was not the horse he had bought and surrendered it; that the horse when taken was sound and healthy, but when recovered had a wound upon the head which apparently had been inflicted by a stone or other heavy, solid object; that the horse was taken care of by the appel-

lants and treated for the ailment, but lingered, unable to do any service, and after some months died from the effects of the wound. The appellants set up a cross-demand for the value of the horse, the loss of its service and cost of treatment and keeping.

To this defense the appellee demurred, which demurrer the court sustained, and, the appellants standing thereon, rendered judgment against them for the amount of the note. To reverse the ruling on the demurrer this appeal is taken.

The ground upon which the demurrer was sustained seems to be that the cross-demand did not arise out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim and was not connected with the subject of the action.

It is contended that the cause of action relied upon as a defense constituted neither a counterclaim nor set-off. While there may be ground for this contention under the provisions of the former code (Former Civ. Code, § 98, Gen. Stat. 1901, § 4532), prior to the revision, there is no room therefor under the provisions of section 100 of the new code. Each of the parties to the action had a claim for the recovery of money from the other, and, the appellee having brought the action to recover the amount of his claim, the appellants properly pleaded their claim as a set-off.

The judgment is reversed and the case is remanded with instructions to grant a new trial.